# New York Marine Court.

### Trial Term—January 11, 1881.

## JOSEPH J. LITTLE, ET AL., against STEPHEN H. TYNG, JR.

The proof required in an action against the indorser of a promissory note made payable to the order of the plaintiffs, and wherein the plaintiffs are presumptively first indorsers. The rule and the exceptions to it,—stated.

The facts appear in the charge to the jury.

### JUDGE McADAM'S CHARGE.

*Gentlemen :*—This is the third trial of this action, which, considering the smallness of the pecuniary amount involved, is a circumstance not calculated to inspire reverence for judicial accuracy or infallibility. It behooves us, however, to make a more diligent effort to understand the controversy which has been attended with such results, to the end that a final conclusion may be hoped for, if not reached.

The contention arises out of an indorsement placed by the defendant upon a note of $300, the history of which will be given in the order in which the circumstances attending it occurred. It appears that a cor-

poration known as the "Working Church Publishing Company" made its promissory note in writing in the following words:

"$300.             New York, January 1st, 1875.

"Twelve months after date, we promise to pay to the order of Lange, Little & Co., $300, with interest, value received.

      "The Working Church Publishing Co.,

                "Stephen H. Tyng, Jr.,

                      President.

                "Chas. W. Jenkins,

                      Treasurer."

The note bears the following indorsements:

                "Lange, Little & Co.,

                "Stephen H. Tyng, Jr."

The present action is brought by Joseph J. Little and W. Jennings Demorest, who were two of the members of the firm of Lange, Little & Co., who are named in the note as payees—the remaining member of the firm, Mr. Lange, having transferred to said plaintiffs all his interest in said note. For practical purposes the action may, therefore, be regarded as brought by the payees. It is brought, not against the corporation which made it, but against Mr. Tyng, whose name appears upon it as second indorser.

On account of the form of the contract, the legal presumption is that the defendant is not liable as such indorser to the payees, who would in the nature of things be liable to him in case he were obliged to pay it.

This presumption, I charge you, is conclusive against the plaintiffs, unless they have affirmatively proved to your satisfaction, that at the time of the indorsement the defendant intended and agreed to become liable to the payees as surety for the makers, and the burden of proving this is upon the plaintiffs.

You are business men and understand something about promissory notes, You know that if your name is placed upon a note as second indorser, that you have a remedy in case of its non-payment against the maker and the first indorser, and you know that if by force of circumstances the first indorser is obliged to pay it, he cannot call upon you to reimburse him. But if he can prove by satisfactory evidence that although his name appeared upon the note as first indorser, he was in truth and in fact the second, and that you indorsed intending to become surety to him, for the maker, that you were to pay him if the maker did not, then the presumption created by the form of the contract is changed.

This brings us down to the question whether the defendant did or did not assume the position of surety for the makers in this case, and whether the defendant understood and designed that his indorsement should be accepted as such surety, upon the understanding, express or implied from circumstances warranting the inference, that if the makers of the note did not meet their obligation at maturity, that then the defendant was to be liable on his indorsement to the payees to make it good.

If this was the real understanding, and the minds of the parties met in respect to it, the law will disregard the mere form of the instrument, and do even justice between the parties, according to their agreement. The law looks to substance more than to form, and seeks for the truth, however it may be obscured, and when it is legally discovered it finds security and efficacy in the law, which is satisfied only when truth triumphs.

Do not construe these remarks into a reflection upon either the plaintiffs or defendant. The plaintiffs are respectable business men, and the defendant is a distinguished clergyman of high repute, and deservedly so. Neither intend to wrong the other. The plaint-

iffs and defendant have failed to unite in the same understanding of their obligations. In short, they have disagreed and their differences go to you for settlement. The plaintiffs have a right to prosecute and the defendant has his natural and legal right to defend. You are to say which is seemingly right. Memory is frail, and like the footprints of the traveler upon the sand, is generally worn away by the waves of time. To err is human, and bad faith is not to be imputed to honest differences of opinion, nor to variances of different recollections. These litigants are entitled to a careful and considerate examination of their differences, so that some satisfactory conclusion may be put to them by you, in view of the fact that they have been unable to reach such a result themselves. With these preliminary observations, let us approach the conflict of evidence in this case, with the belief that each of the witnesses meant to tell the truth ; let us consider the inherent probability or improbability of the stories told by each of the witnesses, with a view of detecting which is mistaken, and let us weigh the testimony carefully, to the end that however imperfect our conclusions may be, or however unjust they may seem, we have the consciousness of knowing that we have endeavored to do our sworn duty honestly and impartially, and that we have disposed of the contention according to our best understanding and judgment, leaving the consequences to take care of themselves.

It appears by the evidence, that Lange, Little & Co. had two claims. The first was against Dr. Tyng, individually, for printing the *People's Pulpit*. This amounted to $500; and the second claim was against Dr. Tyng, jointly with Drs. Hepworth and Mingins, for printing the *Working Church*. This claim amounted to $700. Both claims aggregated $1,200, being the amount of the four notes which were given to Lange, Little & Co. in payment of said claim. The

first two of these notes were indorsed by Sanford, and the last two by Dr. Tyng. Each was for $300, at three, six, nine and twelve months. They were all paid, excepting the last, which is the one in suit. By accepting these four notes, under the evidence in this case, Lange, Little & Co. accepted the "Working Church Publishing Co." as their principal debtor, in the place of Dr. Tyng.

Such acceptance amounted to a novation, or substitution of parties, and released Dr. Tyng from all liability to the firm of Lange, Little & Co., unless such liability was continued upon the note in suit.

I charge you that such liability was continued in the present case, provided you find as matter of fact, that Lange, Little & Co. refused to accept the two last notes unless they were indorsed by Dr. Tyng, so that his liability to them might be preserved and continued therein, and unless you further find that the defendant, knowing this, designedly indorsed the note, intending to become such surety, and intending thereby to continue such liability, in order to induce Lange, Little & Co. to accept such notes, and to consent to such substitution of parties.

If you find all these things in favor of the plaintiffs, they will be entitled to a verdict of $424.47, the amount claimed, and interest.

On the other hand, unless you find that there was a distinct understanding, upon which the minds of Lange, Little & Co. and the defendant met, to the effect that Dr. Tyng's indorsement was to continue his liability, and make him liable to Lange, Little & Co. to pay the notes he indorsed, unless the Church Publishing Co. paid them, the defendant is not liable, and it will be your duty to find a verdict for the defendant. In other words, in order to hold the defendant you must be satisfied beyond all reasonable doubt, by the affirmative evidence of the plaintiffs, that the legal

presumption created by the form of the note, which I have already explained to you, has been overcome, and that the defendant knowingly understood and intended to become liable to Lange, Little & Co. on his indorsement. Unless the plaintiffs have succeeded in proving these facts to your satisfaction, you will find for the defendant; for independently of such facts the plaintiffs have no case.

If they have proved these various matters to your satisfaction, find for the plaintiffs for $424.47, the amount claimed, with interest.

The jury found a verdict for the plaintiffs for the sum of $424.47.

Defendant moved to set aside the verdict and for a new trial, on the exceptions taken at the trial and on the ground that the verdict was contrary to the law, and to the evidence, and against the weight of evidence; which motion was denied, to which denial defendant duly excepted.

The judgment herein was afterward affirmed by the marine court general term, and by the common pleas general term.